NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 16 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| JAVIER DUARTE AVILA, AKA Francisco Javier Perez Avila, | No. 17-70949 |
| Petitioner, | Agency No. A077-979-985 |
| v. | MEMORANDUM<sup>*</sup> |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 12, 2022<sup>**</sup>
San Francisco, California

Before: WALLACE, W. FLETCHER, and SANCHEZ, Circuit Judges.

Javier Avila, a native and citizen of Mexico, petitions for review of the Board

of Immigration Appeals' (Board) order dismissing his appeal from an Immigration

Judge's (IJ) decision denying his applications for asylum, withholding of removal,

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

and protection under the Convention Against Torture (CAT).[1] We have jurisdiction under 8 U.S.C. § 1252. We deny the petition.

"We review for substantial evidence the factual findings supporting the [Board's] decision that an applicant has not established eligibility for . . . withholding of removal or relief under CAT." *Madrigal v. Holder*, 716 F.3d 499, 503 (9th Cir. 2013) (citations omitted). "In order to reverse the [Board], we must determine 'that the evidence not only *supports* [a contrary] conclusion, but *compels* it—and also compels the further conclusion' that the petitioner meets the requisite standard for obtaining relief." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014) (alteration in original) (quoting *I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)).

Substantial evidence supports the Board's conclusion that Avila failed to establish his eligibility for withholding of removal. To show persecution on account of his political opinion, a petitioner must show both "that he held (or that his persecutors believed that he held) a political opinion," and "that his persecutors persecuted him because of his political opinion." *Ahmed v. Keisler*, 504 F.3d 1183, 1192 (9th Cir. 2007). The record does not compel the conclusion that Avila established these two facts. We hold that substantial evidence supports the Board's

---

[1] Avila does not challenge the agency's denial of his application for asylum as time-barred.

determination that Avila failed to meet his burden to prove he experienced past persecution or has a well-founded fear of future persecution on account of his anti-corruption political opinion and work for human rights organizations. *See Rodriguez Tornes v. Garland*, 993 F.3d 743, 752–53 (9th Cir. 2021); *Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 892–93 (9th Cir. 2021); *Silva v. Garland*, 993 F.3d 705, 719 (9th Cir. 2021).

Substantial evidence supports the Board's denial of CAT protection. The record does not compel the conclusion that it is more likely than not that Avila will be tortured if returned to Mexico, given that Avila failed to satisfy his burden of proving that he was tortured in the past, *see Vitug v. Holder*, 723 F.3d 1056, 1066 (9th Cir. 2013), and the country conditions evidence does not demonstrate a sufficiently particularized threat of torture, *see Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010).

Avila has waived any challenge to the agency's denial of voluntary departure on statutory grounds because he failed to "specifically and distinctly argue[] and raise[]" this issue. *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (citation omitted).

**PETITION DENIED.**